UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **SARAH SLAUGHTER**, <br><br> Plaintiff, <br><br> v. <br><br> **REGIONAL ACCEPTANCE CORPORATION**, <br><br> Defendant. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**SARAH SLAUGHTER** (Plaintiff), by and through her attorneys, Law Offices of Mitchel Luxenburg, alleges the following against **REGIONAL ACCEPTANCE CORPORATION** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Ohio.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Reynoldsburg, Ohio 43068.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with an address of 1424 E. Fire Tower Road, Greenville, North Carolina 27858.

8. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number.

12. Plaintiff has only used this phone number as a cellular telephone.

13. Defendant repeatedly called Plaintiff on her cellular telephone.

14. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

15. Plaintiff knew that Defendant's calls were automated calls as they would start with a pause or delay with no caller on the line before being connected with Defendant's live representatives or terminating.

16. Shortly after the calls started, Plaintiff told Defendant to stop calling.

17. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

18. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

19. Once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

20. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff.

21. Plaintiff found Defendant's repeated calls to be invasive, harassing, frustrating, annoying, and upsetting.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant initiated repeated calls to Plaintiff's cellular telephone.

25. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

26. After Plaintiff told Defendant to stop calling, the Defendant knew or should have known it did not have consent to call and that any consent it thought it had, if any, was revoked.

27. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

28. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

29. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **SARAH SLAUGHTER**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

  e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **SARAH SLAUGHTER**, demands a jury trial in this case.

|  |  |
|---|---|
| DATED: 04-14-2020 | By: */s/ Mitch Luxenburg*<br>Mitch Luxenburg, Esq.<br>Law Offices of Mitchel Luxenburg<br>P.O. Box 22282<br>Beachwood, OH 44122<br>Phone: (216) 452-9301<br>Email: mitch@mluxlaw.com |